UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH L.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00436 EAW

## INTRODUCTION

Plaintiff Joseph L. ("Plaintiff") moves for attorneys' fees in the amount of $22,175.63 pursuant to 42 U.S.C. § 406(b). (Dkt. 21). The Commissioner of Social Security ("the Commissioner") does not object to the amount that Plaintiff seeks. (Dkt. 24). Plaintiff filed a reply to the Commissioner's response on September 22, 2021. (Dkt. 25). For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On April 3, 2019, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on October 23, 2019. (Dkt. 10). The Commissioner submitted a response and cross-motion for judgment on the pleadings on December 16, 2019. (Dkt. 12). Plaintiff submitted a reply on January 6, 2020. (Dkt. 13). This matter was assigned to the undersigned on April 6, 2020. (Dkt. 14). On June 26, 2020, the Court granted Plaintiff's motion in part, denied the

Commissioner's cross motion, and remanded the matter to the Commissioner for further administrative proceedings. (Dkt. 15).

By Stipulated Order entered September 23, 2020, the Court approved payment to Plaintiff's counsel of $5,018.02 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 20).

Thereafter, the Commissioner issued a Notice of Award on August 15, 2021, in connection with Plaintiff's claims, indicating that $22,175.63 was withheld to pay Plaintiff's representative, which is not greater than 25 percent of Plaintiff's past due benefits. (Dkt. 21-3 at 3; *see* Dkt. 24 at 5).

On September 1, 2021, Plaintiff timely moved for attorneys' fees pursuant to 42 U.S.C. § 406(b).[1] (Dkt. 21). The Commissioner filed a response, indicating that the Commissioner does not object to the amount of Plaintiff's counsel's fee request. (Dkt. 24). However, the Commissioner notes that Plaintiff's counsel states that he will refund $4,010.52 of the $5,018.02 EAJA award, and Plaintiff's counsel should be required to refund the entire amount awarded pursuant to the EAJA. (*Id.* at 3-4). On September 22, 2021, Plaintiff filed a reply (Dkt. 25) addressing the discrepancy between the EAJA award

---

[1] In *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the Court of Appeals for the Second Circuit held that the 14-day filing deadline set by Federal Rule of Civil Procedure 54(d)(2)(B) applies to motions for attorneys' fees pursuant to § 406(b), running from the date of notice. In doing so, the Second Circuit noted that its decision does not "depart from the law's presumption that a party receives communications three days after mailing." *Id.* at 89 n.5. Courts in this circuit have held that this creates a *de facto* 17-day filing deadline for such motions from the date of the notice of award. *See, e.g.*, *Bennett v. Comm'r of Soc. Sec.*, No. 15 Civ. 2067(SLC), 2021 WL 3537165 (S.D.N.Y. Aug. 11, 2021). Plaintiff filed his motion for attorneys' fees 16 days from the August 15, 2021 date stated on the Notice of Award (s*ee* Dkt. 21-3 at 1), and the Commissioner has not challenged the motion's timeliness. (*See* Dkt. 24 at 2-3).

amount and the amount Plaintiff's counsel will refund to Plaintiff, which substantively addresses the discrepancy between the EAJA award amount and the amount Plaintiff's counsel intends to remit to Plaintiff, which the Commissioner raised in his response (Dkt. 24 at 3-4). Without objection from the Commissioner, the Court will consider Plaintiff's reply.[2]

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25

---

[2] Local Rule of Civil Procedure 7(a)(1) requires that "[a] moving party who intends to file and serve reply papers must so state in the notice of motion." Although Plaintiff did not state his intention to file a reply in his notice of motion (*see* Dkt. 21), "courts have the authority to waive strict application of the local rules[,]" *Smith v. Baugh*, 16-CV-906V(F), 2018 WL 1918283, at *11 (W.D.N.Y. Apr. 24, 2018); *see also Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) ("a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules. . . ."). Because Plaintiff's reply addresses an issue raised for the first time in the Commissioner's response, and the Commissioner has not objected to Plaintiff's reply, the Court will consider Plaintiff's reply.

percent of the past-due benefits." *Id.* (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the requested fee of $22,175.63 represents the amount withheld by the Social Security Administration, which the Commissioner notes is not greater than 25 percent of the statutory cap. (*See* Dkt. 21-3 at 3; Dkt. 24 at 5). Plaintiff states the total amount of past due benefits is $88,702.52, and the Commissioner does not contest this amount. (*See*

Dkt. 21-1 at 2). There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. (*See* Dkt. 24 at 6). Additionally, although counsel sought an extension (Dkt. 7), the Court does not find that this constitutes a delay meriting a downward adjustment. Furthermore counsel provided effective representation. The hours expended by counsel on the case were reasonable in light of the issues presented.

Although the hourly rate that counsel seeks in this matter is high compared to rates within this District, the Court recognizes that Plaintiff's counsel achieved particularly good results for Plaintiff, prevailing on a contested motion for judgment on the pleadings. Furthermore, counsel ultimately obtained a fully favorable award of benefits for Plaintiff. (*See* Dkt. 21-6). "In assessing whether a requested fee would constitute a windfall, courts consider whether counsel achieved particularly good results for the claimant; whether counsel expended effort beyond boilerplate submissions, such as in briefing material issues of fact or particular legal issues; and whether counsel handled the case efficiently due to his or her experience in handling social security cases." *Ladonia H. v. Comm'r of Soc. Sec.*, No. 17-CV-1148S, 2021 WL 671595, at *2 (W.D.N.Y. Feb. 22, 2021).

In this matter, the requested fee would result in a *de facto* hourly rate of $908.84 ($22,175.63 divided by 24.4 hours). (Dkt. 21-1 at 6; Dkt. 24 at 5). This rate is nearly three times counsel's usual hourly rate of $350.00 per hour. (*See* Dkt. 21-2 at 3). Although courts in this circuit have held that *de facto* hourly rates above $500 per hour are unreasonable, *Morris v. Saul*, 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (collecting cases), courts have on rare occasions found to be reasonable rates

comparable to the rate counsel seeks in this matter—especially where plaintiffs have prevailed on motions for judgment on the pleadings, *see, e.g.*, *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings). *See also Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for judgment on the pleadings); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76).

Having considered the required factors, the reasoning in the foregoing cases, and the arguments set forth by counsel, the Court concludes that counsel's effective hourly rate of $908.84 per hour, although high, is in line with awards generally approved in this District for similar work performed. Furthermore, the Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . ."). Plaintiff's counsel clarified in his reply that although the parties stipulated to the amount of $5,018.02 pursuant to the EAJA, due to Plaintiff's outstanding debt of $1,007.50 to the New York State Department of Labor, Plaintiff's counsel ultimately

received $4,010.52 of the EAJA award, which counsel understands he must refund to Plaintiff.  (Dkt. 25 at 1-2).

Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $908.84 does not constitute a windfall for Plaintiff particularly where Plaintiff prevailed in his motion for judgment on the pleadings.  Counsel must return the EAJA fees in the amount of $4,010.52 to Plaintiff.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's § 406(b) motion for attorneys' fees (Dkt. 21) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $22,175.63, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $4,010.52 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:     October 22, 2021
                  Rochester, New York